IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–000363-EWN (OES)

PAM FORAKER,

    Plaintiff,

v.

JAMES R. SCHAUER,
LARRY LASHA, and
KEITH L. McNEW, and
THE BOARD OF COUNTY COMMISSIONERS OF THE
  COUNTY OF FREMONT, STATE OF COLORADO, and
MELODY CLEMENTS ,

    Defendants.

---

**ORDER CONCERNING OBJECTIONS TO JUDGE'S RULING ON NON-DISPOSITIVE MATTER**

---

This matter is before the court on plaintiffs' objections (#85) to an order entered by the United States magistrate judge on September 8, 2005 (#84). The only portion of the extensive order to which the objection pertains is the part denying plaintiffs leave to amend the preliminary pretrial order in order to add an expert witness. The magistrate judge's order was correct and will stand as the final order of the court on the matter.

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the

decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C.A. § 636(b)(1)(A) (2004)  Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Rather, the district court must affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).

      The preliminary pretrial is a species of scheduling order.  As such (and by its express terms) it can be amended only upon a showing of "good cause."  The court has reviewed the magistrate judge's finding that there does not exist good cause for modifying the preliminary pretrial order.  Contrary to plaintiffs' contention that the magistrate judge committed error or misinterpreted case law in his legal analysis, the court finds that he correctly identified all applicable legal principles.  Applying those principles to the facts here, he denied plaintiffs' motion because it was untimely and delayed, and because it would amount to a "do over" and a reopening of discovery in the form of depositions and, possibly, a rebuttal expert.  Given what occurred here, there is also every reason to expect that the court would be confronted with another round of *Daubert* motions.  The court underscores the magistrate judge's observation that, although no trial date has been set, it will be set in short order at the final pretrial conference.  It will occur before the end of the year.  What plaintiffs are proposing would unreasonably and unduly delay that trial in order to accomplish something plaintiffs could have accomplished months ago, when

they first realized the problems with the expert whose testimony was ultimately stricken by the part of the order to which no objection has been made.  Accordingly, it is

ORDERED that the objections are OVERRULED.) The magistrate judge's order shall stand as the order of this court.

Dated this <u>13th</u> day of October, 2005.

                                      BY THE COURT:

                                       /s/ Edward S. Nottingham
                                      EDWARD W. NOTTINGHAM
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00363-EWN (OES)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the **ORDER CONCERNING (OBJECTIONS TO) (MOTION TO RECONSIDER) MAGISTRATE JUDGE'S RULING ON NON-DISPOSITIVE MATTER** signed by Judge Edward W. Nottingham on October 13, 2005 was served on _____, 2005 by hand-delivery, where a "D.C." box number is indicated after the recipient's name, or otherwise by depositing it in the United States mail, postage prepaid, addressed to the recipient:

Magistrate Judge O. Edward Schlatter*  Garrett Sheldon, Esq.
517 Main Street
P.O. Box 808
Walsenburg, CO 81089

Thomas J. Lyons, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
**D.C. Box 5**
*Attorneys for Defendants*

GREGORY C. LANGHAM, CLERK

By_____
Deputy Clerk or Secretary